NOT FOR PUBLICATION                                           (Doc. No. 40)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

|  |  |  |
|---|---|---|
| SCHOOL SPECIALTY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil No. 14-4507 (RBK/AMD) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| THOMAS FERRENTINO and EDUCATION | : | |
| OUTFITTERS, INC., | : | |
| | : | |
| Defendants. | : | |

_____

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Thomas Ferrentino's ("Ferrentino")

Motion for Reconsideration, (Doc. No. 40), of this Court's Order of July 14, 2015, (Doc. No.

37), in which the Court denied Ferrentino's Appeal of Magistrate Judge Donio's Order of June

12, 2015.  (Doc. No. 25.)  For the reasons stated herein, Ferrentino's Motion for Reconsideration

will be denied.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Ferrentino's current Motion asks this Court to reconsider the Order it entered on July 14,

2015, denying Ferrentino's appeal of an Order issued by Magistrate Judge Donio.  (Doc. No. 25.)

On June 12, 2015, Judge Donio entered an Order on Plaintiff's informal application for

an extension of time to file a response to Ferrentino's Amended Counterclaim under Fed. R. Civ.

P. 6(b) after Ferrentino consented to withdraw an Entry of Default that was entered by the Clerk

on June 10, 2015, against Plaintiff.  (Id.)  The June 12 Order was the product of a telephonic

status conference held by Judge Donio on June 11, 2015, with both parties.  (See Doc. No. 26.)

During the June 11 status conference, Plaintiff made an application to extend the time to answer or otherwise plead pursuant to Fed. R. Civ. P. 6, relying on the "excusable neglect" justification found in Rule 6(b)(1)(B).  (See Tr. of June 10, 2015, Status Conf. ("Tr.") at 10:15-20.)  Referring to the factors discussed in Kimberg v. Univ. of Scranton, 411 Fed. App'x 473 (3d Cir. 2010), Plaintiff argued, inter alia, that there was no prejudice to Defendants were the Court to grant an extension, (Tr. at 11:12-12:7), there was no bad faith behind Plaintiff's delay in originally filing a response to Ferrentino's Amended Counterclaim, (id. at 12:8-13:4 (stating that Plaintiff's counsel contacted the Court's staff on two occasions to ask whether Plaintiff's Motion to Dismiss the original Counterclaim should be withdrawn as moot and refiled, or whether Plaintiff should wait for the Court to rule on whether Ferrentino needed leave to file an Amended Counterclaim, to which the Court staff informed Plaintiff's counsel that it could not advise Plaintiff's counsel to withdraw its first Motion to Dismiss—a statement which Plaintiff's counsel took to mean that he should wait for the Court to act before taking further action)),[1] and there would be no noticeable impact on the judicial proceedings.  (Id. at 13:6-13.)  In response, Ferrentino's counsel did not dispute any of Plaintiff's arguments, but merely relied upon the text of an Order this Court entered the day before.  (Id. at 14:22-15:20 (citing June 10, 2015, Letter Order (Doc. No. 23)); id. at 22:18-21 (same).)[2]

---

[1] Plaintiff's counsel also referred to his belief that a Second Amended Complaint was "filed more than 21 days after the original one," requiring leave of the Court for an Amended Counterclaim.  (Tr. at 12:12-17.)  The Court sees no evidence of an Amended Complaint, let alone a Second Amended Complaint, on the docket.  However, Judge Donio apparently took note of this portion of Plaintiff's proffer, referring later in the conference to Plaintiff's explanation for why there was "never a response to the Second Amended Counterclaim or to the Amended Counterclaim."  (Id. at 23:20-23.)

[2] In its June 10, 2015, Letter Order, the Court denied Plaintiff's request to deny Ferrentino's request for Default, and denied without prejudice Plaintiff's request for an extension of time to file an answer.  (Doc. No. 23.)  The Court also stated that "[i]f Plaintiff wishes to move to set aside the Clerk's entry of default and obtain an extension to file a responsive pleading to Defendant's Amended Counterclaim, Plaintiff shall file a Motion to Set Aside Default pursuant to Fed. R. Civ. P. 55(c) and a Motion for an Extension of Time pursuant to Fed. R. Civ. P. 6(b) no later than fourteen (14) days from the date of this letter."  (Id.)

Judge Donio found that Plaintiff's proffered reason for not responding to the Amended

Counterclaim demonstrated good faith and excusable neglect under the applicable case law, and

that there had been no showing of prejudice on behalf of the defendant that would warrant

denying Plaintiff's application for an extension of time.  (Tr. at 23:20-24:11.)  She also noted

several other reasons why her decision to address and grant Plaintiff's informal application was

proper, including the fact that applications for extensions of time are typically handled by

magistrate judges in the interest of judicial efficiency under Fed. R. Civ. P. 1, (id. at 23:18-20),

there would necessarily be a new motion to dismiss or answer filed in response to Ferrentino's

Amended Counterclaim once the Default was set aside, regardless of whether Plaintiff had

requested an extension of time, (id. at 24:4-11, 24:17-22), the agreement by Ferrentino to set

aside the Default changed the application of this Court's June 10, 2015, Letter Order, (id. at

24:12-22), and Plaintiff's oral application was in keeping with this Court's June 10, 2015, Letter

Order requiring only that Plaintiff should request an extension under Fed. R. Civ. P. 6(b).  (Id. at

24:23-25:2.)

On June 26, 2015, Ferrentino filed an appeal of Judge Donio's June 12 Order.  In his

appeal Ferrentino argued that Judge Donio's decision to grant Plaintiff's informal application for

an extension of time under Rule 6(b)(1)(B) based on a finding that Plaintiff had shown good

cause and excusable neglect was "clearly erroneous."  (Def.'s Br. in Support of App. ("App.

Br.") at 4.)   He proceeded to argue that Kimberg, the case relied upon by Plaintiff and Judge

Donio, was inapposite, despite addressing a similar Rule 6(b)(1)(B) request, and instead argued

for the first time that Plaintiff's mistake was due entirely to professional incompetence (i.e.,

ignorance of the Federal Rules of Civil Procedure), and bad faith (i.e., an inappropriate ex parte

communication with the Court).  (See App. Br. at 5-8.)

In its July 14, 2015, Order denying Ferrentino's appeal, the Court determined that Ferrentino's disagreement with Judge Donio's reasoning "[did] not satisify the high bar of showing that her Order was 'contrary to law' or 'clearly erroneous,' particularly where the Court is granted discretion in addressing excusable neglect as a matter of equity." (July 14, 2015, Order ("July 14 Order") at 4.)  It did so after finding that Judge Donio had set forth several reasons which lent strong support to her decision,[3] and Ferrentino had raised no arguments in opposition to Plaintiff's informal application during the status conference.  (Id. at 3-4.)

Finally, on July 28, 2015, Ferrentino filed the instant Motion for Reconsideration of this Court's July 14 Order.  Ferrentino argues that reconsideration is necessary to correct "a clear error of law in finding there was excusable neglect for the late filing by plaintiff." (Br. at 2.) Because no further briefing is necessary on this Motion, the Court will proceed to a discussion of the merits.

## II.    LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review.  Dunn v. Reed Group, Inc.,

---

[3] Specifically, the Court observed that Judge Donio considered as reasons for granting Plaintiff's application:

> (1) applications for extensions of time are typically handled by magistrate judges in the interest of judicial efficiency under Fed. R. Civ. P. 1; (2) Plaintiff's argument that it had relied upon certain representations by a law clerk for this Court, who would not advise Plaintiff to withdraw its first motion to dismiss, in failing to respond to Defendants Amended Counterclaim demonstrated good cause and excusable neglect; (3) there was no showing of prejudice on behalf of Defendants that would warrant denial of Plaintiff's application; (4) there would necessarily be a new motion to dismiss or answer filed in response to Defendants' Amended Counterclaim once the Default was set aside; (5) the agreement by Defendants to set aside the Default changed the application of this Court's [June 10 Order]; and (6) Plaintiff's oral application was in keeping with this Court's [June 10 Order] that Plaintiff should request an extension under Fed. R. Civ. P. 6(b).

(July 14 Order at 2-3.)

Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).  Local Civil Rule 7.1(i) directs

a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling

decisions which the party believes the Judge or Magistrate Judge has overlooked."  L. Civ. R.

7.1(i); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J.

2001) ("The word 'overlooked' is the operative term in the Rule.")  A motion for reconsideration

under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is]

rule[ ] are to be granted 'sparingly.'"  Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,

Civ. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset

Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

To prevail on a motion for reconsideration, the moving party must show at least one of

the following grounds:  "(1) an intervening change in the controlling law; (2) the availability of

new evidence that was not available when the court [made its initial decision]; or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Reconsideration is not appropriate, however,

where the motion only raises a party's disagreement with the Court's initial decision.  Florham

Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also

United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere

disagreement with a court's decision normally should be raised through the appellate process and

is inappropriate on a motion for [reconsideration]"); Schiano v. MBNA Corp., Civ. No. 05-1771,

2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not

suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be

dealt with through the normal appellate process") (citations omitted).

As another court in this District succinctly explained, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted).  That is to say "[e]ach step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Oritani, 744 F. Supp. at 1314.  Accordingly, "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion." Altana Pharma AG v. Teva Pharm. USA, Inc., Civ. No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

## III.    DISCUSSION

In his Motion for Reconsideration Ferrentino asks that the Court reconsider its Order denying his appeal of Magistrate Judge Donio's Order.  However, it is clear that Plaintiff is not asking the Court to reconsider its application of the proper standard on an appeal of a non-dispositive order of a magistrate judge, but is instead making an untimely argument in opposition to Judge Donio's reasoning, which he waived by failing to raise during the original status conference.  The Court here is only required to decide whether it should reconsider its prior order because it "overlooked matters that, if considered by the court, might reasonable have resulted in a different conclusion." U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). After reviewing its prior Order and Ferrentino's present Motion, it is clear the Court did not overlook anything that might have reasonably led to a different conclusion.

As noted above, the record indicates that during the status conference Plaintiff proffered multiple justifications for its failure to file a timely responsive pleading, Ferrentino did not object or offer a counter-argument suggesting why those reasons should instead be disregarded or

construed as bad faith or mere ignorance of the rules, and Judge Donio ultimately concluded that

Plaintiffs explanation satisfied the considerations set forth in Kimberg for showing good faith

and excusable neglect.  When Ferrentino appealed Judge Donio's June 12 Order, he argued that

her determination that Plaintiff had demonstrated good faith and excusable neglect was "clearly

erroneous," and should be set aside.  Notably, Ferrentino raised brand new arguments on appeal,

arguing that Judge Donio wrongly concluded that Kimberg was instructive, and should have

instead found several other Third Circuit decisions lead to the opposite conclusion regarding

whether Plaintiff had shown excusable neglect.

In its July 14 Order this Court disregarded Ferrentino's new arguments, as they had not

been raised prior to his appeal.[4]  Instead, the Court noted that Judge Donio's findings and

reasoning were sufficient to find excusable neglect, based on the record below, and were

consistent with the equitable nature of the inquiry, as described in Pioneer Inv. Servs. Co. v.

Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  Specifically, the Court found that

Judge Donio had set forth several reasons in support of her decision.  One of those reasons was

Plaintiff's explanation for why it did not file a timely response—in part due to a communication

with the Court's staff upon which it relied—which Judge Donio found demonstrated good faith

and excusable neglect.  The Court also found that Plaintiff had offered no arguments in

opposition to Plaintiff's informal application at the time it was made.  Because of Judge Donio's

articulated reasons in support of her decision, coupled with the discretion granted to the Court in

addressing excusable neglect as a matter of equity, and Ferrentino's failure to raise any objection

---

[4] See Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 135, 142 (D.N.J. 1998) ("[P]arties who litigate before a Magistrate Judge must raise any and all arguments before the Magistrate Judge, or waive their right to assert the arguments before the district court on appeal.") (citing Lithuanian Commerce Corp., Ltd. V. Sara Lee Hosiery, 177 F.R.D. 205, 211 (D.N.J. 1997)).

to those articulated reasons at the time, the Court found that Ferrentino had not met the high bar

for showing Judge Donio's decision was "clearly erroneous."  (July 14 Order at 4.)

Despite asserting that the Court's July 14 Order "failed to explain why the ignorance of

Rule 15(a) … was excusable neglect," and "overlooked the facts and the applicable law,"

Ferrentino merely seeks to argue the merits of Judge Donio's decision and her finding that

Plaintiff had demonstrated good faith and excusable neglect, which he lost his opportunity to do.

Though he may now contend that Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d

916 (3d Cir. 1987), and not Kimberg is more on point, he waived such an argument by failing to

raise it before Judge Donio in the first instance.  In fact, Kimberg applied the "elastic concept" of

excusable neglect as discussed in Brunswick Assocs. to Rule 6(b)(1)(B), Kimberg, 411 Fed.

App'x at 477,[5] and Ferrentino has offered no evidence that the factors and analysis in Kimberg

are inapplicable or inconsistent with Consolidated Freightways.  Rather, he only argues that

Judge Donio should not have construed Plaintiff's counsel's explanation as excusable, but should

have instead found it merely to be ignorance of the Federal Rules of Civil Procedure, and

therefore necessarily not excusable neglect.[6]  Even if Ferrentino had not waived this argument,

such an attempt to second guess Judge Donio's original findings is insufficient for the Court to

reconsider its decision at this stage.

In its July 14 Order, this Court did not, as Ferrentino claims, decide that Plaintiff had in

fact shown excusable neglect under the applicable case law.  Instead, this Court determined that

Judge Donio's decision was not clearly erroneous in light of the factual findings she cited and the

---

[5] Brunswick Assocs. addressed excusable neglect within the context of Bankruptcy Rule 9006(b)(1).  Brunswick Assocs. 507 U.S. at 391-92.

[6] Notably, Ferrentino cites Brunswick Assocs. for this point, which states that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  507 U.S. at 392 (emphasis added).

"elastic" and equitable nature of determining whether excusable neglect has been shown.  See

Brunswick Assocs., 507 U.S. at 392, 395.  Ferrentino failed to question those findings in the first

instance at the status conference, failed to show how Judge Donio's June 12 Order based on the

record and parties arguments during the status conference was clearly erroneous, and now fails to

explain why this Court overlooked any issues of fact or legal authority that might have

reasonably led to a different conclusion when it issued its July 14 Order.  For these reasons,

Ferrentino's Motion for Reconsideration will be denied.

**IV.     CONCLUSION**

For the reasons stated above, Ferrentino's Motion for Reconsideration (Doc. No. 40) will

be **DENIED**.  An appropriate Order shall issue.


Dated:    7/30/2015                                                        s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge