NOT FOR PUBLICATION (Doc. No. 28)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SCHOOL SPECIALTY, INC., | |
| Plaintiff, | |
| | Civil No. 14-4507 (RBK/AMD) |
| v. | |
| THOMAS FERRENTINO and EDUCATION OUTFITTERS, INC. | |
| | **OPINION** |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on School Specialty, Inc.'s ("Plaintiff") Motion to Dismiss (Doc. No. 28) Defendant Thomas Ferrentino's ("Ferrentino") Amended Counterclaim (Doc. No. 18) pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, to require Ferrentino to provide a more definite statement in accordance with Rule 12(e).  For the following reasons, the Court will dismiss Ferrentino's Amended Counterclaim without prejudice.

I.   **FACTUAL AND PROCEDURAL BACKGROUND[1]**

On July 16, 2014, Plaintiff filed a Complaint against Ferrentino and Defendant Education Outfitters, Inc. ("Outfitters").  (Compl., Doc. No. 1.)  Plaintiff is an education company that supplies K through 12 schools with instructional tools ranging from basic supplies and furniture to curriculums.  (Id. ¶ 7.)  The Complaint alleges that Ferrentino, a former Account Manager with Plaintiff, misappropriated Plaintiff's confidential and proprietary information and trade

---

[1] Unless otherwise noted, the facts below are taken from Defendant's Answer and Amended Counterclaim, which the Court accepts as true for purposes of this motion.

secrets, bringing multiple claims, including, but not limited to, breach of duty of loyalty, violation of the New Jersey Trade Secrets Act, tortious interference with business relations, unfair competition, and unjust enrichment.  (See generally id.)

On January 30, 2015, Ferrentino filed an Answer and Amended Counterclaim against Plaintiff seeking in excess of $5,000,000.00 in damages for sales he made as an employee.  (Doc. No. 19, 15–16 at ¶¶ 10, 15.)  According to Ferrentino, many of Plaintiff's customers became customers because of Ferrentino—they followed him when he began working for Plaintiff in 1996 and remained Plaintiff's customers for the entirety of Ferrentino's employ.  (Id. 15 at ¶¶ 7, 8.)  From 2011 to 2013, Ferrentino generated approximately $10,500,000.00 in sales for Plaintiff.  Ferrentino claims he is entitled to these sales because they resulted from his prior relationship with Plaintiff's customers.  (Id. ¶ 9.)  In addition, Ferrentino was apparently not compensated for sales made between October 27, 2013 and January 6, 2014.  (Id. 16 at ¶ 12.)

## II.     LEGAL STANDARD

When deciding a motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the counterclaim.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 835 (3d Cir. 2011).  The Court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the nonmoving party.  Phillips v. Cnty of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  In other words, a [counterclaim] is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The inquiry is not whether [a counterclaimant] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims.  In re Rockefeller Ctr.

Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  A counterclaim cannot survive where a court can infer only that a claim is merely possible rather than plausible.  Id.

### III.  DISCUSSION

Plaintiff seeks dismissal of Ferrentino's Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6), characterizing the counterclaim as one that "fails to plead any statute, common law claim, contractual claim or legal theory that entitles [Ferrentino] to in excess of $5,000,000.00 in alleged damages."  The Court agrees that Ferrentino has not identified a cognizable cause of action, thereby making it difficult to determine whether he has pleaded the essential elements of a plausible claim.  In his Reply Brief, Ferrentino clarifies that he intended to raise a claim of unjust enrichment.  However, even when reading the Amended Counterclaim

3

with this cause of action in mind, the Court finds that Ferrentino has still failed to sufficiently plead facts plausibly giving rise to an entitlement for relief.

"Unjust enrichment is a form of quasi-contractual liability that exists when the defendant has received a benefit from the plaintiff that it would be inequitable for [it] to retain." SDC Information Servs., Inc. v. Intelligroup, Inc., No. 11-05874, 2012 WL 2119156, at *2 (D.N.J. June 11, 2012) (citing Hassler v. Sovereign Bank, 644 F. Supp. 2d 509, 519 (D.N.J. 2009)). Here, not only does Ferrentino's Amended Counterclaim fail to identify or recite the elements of a claim for unjust enrichment, but it also fails to allege that Plaintiff was "unjustly enriched beyond its contractual rights." Id. (quoting Hassler, 644 F. Supp. 2d at 509). The Court has no context to determine that it was unjust for Plaintiff to retain the benefits of Ferrentino's sales while he was employed with Plaintiff. Ferrentino's assertion that he is entitled to the sales he generated for Plaintiff on 2011, 2012, 2013—without more—is insufficient to give rise to a plausible claim for relief.[2] As such, Plaintiff's Motion to Dismiss Ferrentino's Counterclaim is granted.

## IV. LEAVE TO AMEND

"When a [defendant] does not seek leave to amend a deficient [counterclaim] after a [plaintiff] moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, there is some indication that Ferrentino's Counterclaim could be amended to comply with the pleading standards set forth in Twombly and Iqbal such that granting him leave

---

[2] Ferrentino's justification for damages, as explained in his brief, does not aid the Court in determining whether he has stated a plausible entitlement to relief. Ferrentino has offered no justification for his damages calculation other than asserting that he is using the same theory as Plaintiffs, which is incorrect.

4

to amend would not be futile.  Indeed, both Plaintiff and Ferrentino are amenable to Ferrentino having an opportunity to clarify his claims.  Accordingly, the Court grants Ferrentino **fourteen (14) days** from the date of this Opinion and accompanying Order to file a Second Amended Counterclaim.

## V.     CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss is **GRANTED-IN-PART**.  Ferrentino's Amended Counterclaim will be dismissed without prejudice.  An appropriate order will issue today.

Dated: 12/29/2015                                             s/Robert B. Kugler
                                                                                               ROBERT B. KUGLER
                                                                                               United States District Judge