UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHOOL SPECIALTY, INC., | |
| Plaintiff, | Civ. No. 14-4507 (RBK/AMD) |
| v. | OPINION |
| THOMAS FERRENTINO and EDUCATION OUTFITTERS, INC., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This case stems from alleged misappropriation of proprietary information and trade secrets by Thomas Ferrentino ("Ferrentino") during and after his employment at Plaintiff School Specialty, Inc. ("Plaintiff"). Presently before the Court is Plaintiff's Motion to Dismiss Ferrentino's Second Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Plaintiff's Motion" [Dkt. No. 62]). For the reasons set forth below, Plaintiff's Motion to Dismiss will be **GRANTED** and Ferrentino's Second Amended Counterclaim will be **DISMISSED WITH PREJUDICE**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This Court outlined the factual background of Plaintiff's Motion to Dismiss Ferrentino's First Amended Counterclaim in its prior opinion [Dkt. No. 51], reported at *School Specialty, Inc. v. Ferrentino*, 2015 WL 9587619 (D.N.J. Dec. 30, 2015) ("*MTD Opinion*"). The relevant facts are repeated here:

> Plaintiff is an education company that supplies K through 12 schools with instructional tools ranging from basic supplies and furniture to curriculums. The

1

> Complaint alleges that Ferrentino, a former Account Manager with Plaintiff, misappropriated Plaintiff's confidential and proprietary information and trade secrets, bringing multiple claims, including, but not limited to, breach of duty of loyalty, violation of the New Jersey Trade Secrets Act, tortious interference with business relations, unfair competition, and unjust enrichment.
>
> On January 30, 2015, Ferrentino filed an Answer and Amended Counterclaim against Plaintiff seeking in excess of $5,000,000.00 in damages for sales he made as an employee. According to Ferrentino, many of Plaintiff's customers became customers because of Ferrentino—they followed him when he began working for Plaintiff in 1996 and remained Plaintiff's customers for the entirety of Ferrentino's employ. From 2011 to 2013, Ferrentino generated approximately $10,500,000.00 in sales for Plaintiff. Ferrentino claims he is entitled to these sales because they resulted from his prior relationship with Plaintiff's customers. In addition, Ferrentino was apparently not compensated for sales made between October 27, 2013 and January 6, 2014.

*MTD. Op.*, 2015 WL 9587619 at *1–2 (citations omitted).

Plaintiff filed a Motion to Dismiss Ferrentino's First Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), and this Court agreed that the counterclaim, as well as the reply brief asserting unjust enrichment, failed to state a proper claim entitling Ferrentino to damages. *See generally id*. Specifically, the Court found that there was "no context to determine that it was unjust for Plaintiff to retain the benefits of Ferrentino's sales while he was employed with Plaintiff." *Id.* at *2. The Court further held that "Ferrentino's assertion that he is entitled to the sales he generated for Plaintiff on 2011, 2012, 2013—without more—is insufficient to give rise to a plausible claim to relief." *Id.* The Court additionally noted that "Ferrentino has offered no justification for his damages calculation other than asserting that he is using the same theory as Plaintiffs, which is incorrect." *Id.* at *2 n.2. Ferrentino was then granted leave to amend his counterclaim and filed his Second Amended Counterclaim ("SAC") [Dkt. No. 53] on January 11, 2016. (*See generally* SAC.)

The SAC incorporates supplementary allegations in an attempt to support the claim for unjust enrichment. It raises a new factual assertion that "Ferrentino as well as other

representatives of Plaintiff were regularly furloughed in the last quarter of the year and rehired in the first quarter of the ensuing year." (SAC. ¶ 11.) Ferrentino contends that no compensation has been received for any sales made during the furlough periods. (*Id.* ¶ 14.) Additionally, Ferrentino alleges that the practice of furloughing was carried out "in order to present a better profit and loss statement to investors to the detriment of Ferrentino." (*Id.* ¶ 12.) According to the Ferrentino, this practice represents a violation of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745. (*Id.* ¶ 12.) Ferrentino argues that this conduct demonstrates that Plaintiff has been unjustly enriched beyond its rights. (*Id.* ¶ 17.) Plaintiff now moves to dismiss the SAC.[1]

## II.    LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must confine its review to the face of the counterclaim. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3rd Cir. 2011). The Court must accept the truth of well-pleaded factual allegations and construe them in the light most favorable to the nonmoving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008). In other words, a [counterclaim] is sufficient to withstand a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether [a counterclaimant] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims. *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3rd Cir. 2002). However, legal conclusions and "[t]hreadbare

---

[1] For the reasons expressed in a prior decision, (*See* Opinion (Dec. 16, 2014) [Dkt. No. 13] at 4–5), this Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 640.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A claim cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

### III.   DISCUSSION

Plaintiff moves to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it "[f]ails to plead any statute, common law claim, contractual claim, or legal theory that entitles him to in excess of $5,000,000 in alleged damages." (Pl.'s Mot. at 6.) As will be explained, the Court finds that Ferrentino's newly asserted facts, along with the re-alleged facts, are insufficient to furnish the basis for a cognizable cause of action. Ferrentino has again failed to provide context that would permit a determination to be made that Plaintiff has been unjustly enriched.

To state a claim for unjust enrichment in New Jersey, a plaintiff must allege "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the

4

defendant is inequitable." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009) (quoting *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 144 N.J. 564, 575 (1996)) (internal quotation marks omitted), *aff'd*, 374 F. App'x 341 (3d Cir. 2010). "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Commerce Bancorp, Inc. v. BK Int'l Ins. Brokers, Ltd.*, 490 F. Supp. 2d 556, 561 (D.N.J. 2007) (quoting *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)) (internal quotation marks omitted). As a quasi-contractual remedy, a claim for unjust enrichment is permitted in the absence of a contract governing the relationship of the parties where it can be shown that a reasonable expectation to compensation formed the basis of a quasi-contract.[2] *See Scagnelli v. Schiavone*, Civ. No. A. 09-3660 (MLC), 2012 WL 3578163, at *9 (D.N.J. Aug. 20, 2012), *aff'd*, 538 F. App'x 192 (3d Cir. 2013).

Ferrentino asserts that he was not compensated for any sales made during the term of his alleged furlough and that those sales yielded a benefit to Plaintiff resulting in its unjust enrichment. (SAC ¶ 14; Def.'s Opp. at 4.) The SAC is conspicuously devoid, however, of any specificity regarding when exactly the furloughs occurred. (*See* SAC ¶ 11 (only discussing quarters and not giving precise dates, or explaining in what years these furloughs occurred).) In addition, the SAC contains no allegations detailing whether Ferrentino made sales or whether Plaintiff transacted with clients brought by Ferrentino over the course of the furloughs.

---

[2] Ferrentino correctly states this proposition, and appears to argue that because there is no contract, his claim may proceed. (Def.'s Opp. [Dkt. No. 66] at 2–3.) However, the lack of a contract does nothing to advance the argument that his counterclaim sufficiently states a claim for unjust enrichment, and Plaintiff does not appear to argue that as a basis in its motion.

Therefore, the SAC fails to allege sufficient facts to plausibly show that Ferrentino conferred a benefit or service on Plaintiff during the furlough periods for which he reasonably expected remuneration.

Even assuming that Plaintiff did transact with clients originating from Ferrentino during the period of the furlough, the SAC does not demonstrate that unjustness would proceed from Plaintiff's retention of profits attributable to those sales. As noted by Plaintiff, Ferrentino fails to allege that there was an arrangement that entitled him to the benefits he is claiming. (*See* Pl.'s Mot. at 7.) Thus, the Court cannot conclude based on the allegations of the SAC there was an understanding among the parties that Ferrentino reasonably expected to be compensated for sales made during that time. Absent such an understanding, the claim for unjust enrichment cannot survive.

Similarly, the allegations that the furloughs violated the Sarbanes-Oxley Act are insufficient to support a reasonable inference that Plaintiff was unjustly enriched beyond its contractual rights. (SAC ¶¶ 11–12.) Ferrentino acknowledges that the violation is not asserted in an attempt to seek civil damages or whistleblower status.[3] (Def.'s Opp. at 5.) Instead, Ferrentino argues that he references the Sarbanes-Oxley Act only to show "the violation of the law in the conduct of [P]laintiff which, along with the other conduct directly against [Ferrentino] shows that [P]laintiff has been unjustly enriched." (*Id.*) However, this argument fails, as this alleged Sarbanes-Oxley violation does nothing to sustain the plausibility of a claim for unjust enrichment given the deficiency of facts demonstrating Ferrentino's reasonable expectation to remuneration for sales having taken place during the periods of his furlough.

---

[3] The Sarbanes-Oxley Act provides no private cause of action for an employee aside from a whistleblower action. *See* 18 U.S.C. § 1514A.

## IV. DISMISSAL WITH PREJUDICE

Finally, Plaintiff requests that this Court dismiss the SAC with prejudice. (Pl.'s Mot. at 9.) When a party seeks to amend its pleadings, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)). Here, the Court has already given Ferrentino an opportunity to amend his counterclaim to properly state a claim, yet the SAC suffers from similar deficiencies identified in the Court's prior opinion. *See MTD Op.*, 2015 WL 9587619 at *2. Specifically, Ferrentino has still failed to articulate a legal theory for damages, despite the Court's earlier holding that the First Amended Counterclaim offered "no context to determine that it was unjust for plaintiff to retain the benefits of Ferrentino's sales while he was employed with Plaintiff." *Id.* at *2. Justice does not require giving Ferrentino another chance in these circumstances. Thus, the Court exercises its discretion to dismiss the SAC with prejudice.

## V. CONCLUSION

For foregoing reasons, Plaintiff's Motion to Dismiss will be GRANTED, and Ferrentino's Second Amended Counterclaim will be DISMISSED WITH PREJUDICE. An appropriate order accompanies this opinion.

Date:  July  5th , 2016

                                          s/ Robert B. Kugler
                                         ROBERT B. KUGLER, U.S.D.J.